**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MICHIGAN**

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

                    Plaintiff,                  Civil Action No.:
                                                    Honorable:

v.

                                            COMPLAINT AND JURY

                                            TRIAL DEMAND

GEORGINA'S LLC, dba
GEORGINA'S TAQUERIA,

                    Defendant.

_____/

## <u>NATURE OF THE ACTION</u>

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex (female) and retaliation, and to provide appropriate relief to Jessica Werthen ("Werthen") and other similarly aggrieved female employees who were affected by such unlawful practices. As alleged with greater particularity in paragraph 12 below, the EEOC alleges that Defendant, Georgina's Taqueria ("Defendant"), has engaged in sex discrimination against female employees by subjecting them to severe or

1

pervasive sexual harassment and by creating and maintaining a hostile work environment because of their sex in violation of Title VII. As alleged with greater particularity in paragraph 13 below, the EEOC further alleges that Defendant violated Title VII by taking adverse action against Werthen and subsequently terminating her employment in retaliation for complaining about harassment and the hostile environment.

## JURISDICTION AND VENUE

1.     Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The alleged unlawful employment practices were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.     Plaintiff Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and

(3).

4.      At all times, Defendant has continuously been a company under the laws of the State of Michigan, doing business in the city of Traverse City, Michigan, and has continuously had at least 15 employees.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than 30 days prior to the institution of this lawsuit Werthen filed a charge of discrimination with the Commission alleging violations of Title VII by Defendant.

7.      On April 11, 2018, the Commission issued to Defendant a Letter of Determination regarding Werthen's charge, found reasonable cause that Title VII was violated, and invited Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.      The Commission engaged in communications with Defendant to provide Defendant with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission with respect to Werthen's charge of discrimination.

10.    On June 1, 2018, the Commission issued a Notice of Failure of Conciliation to Defendant.

11.    All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## COUNT I – TITLE VII

12.    Since at least November 2014, Defendant has engaged in unlawful employment practices, in violation of Section 703(a)(1) and Section 704 of Title VII, 42 U.S.C. §§2000e-2; 2000e-3(a). These unlawful employment practices include, but are not limited to the following:

a.     Defendant has engaged in sex discrimination against Werthen and other female employees at its Traverse City, Michigan, restaurant by subjecting them to severe or pervasive sexual harassment and by creating or maintaining a hostile work environment because of their sex;

b.     At all relevant times, Gregory Anthony Craig ("Craig") has been Defendant's sole owner and head chef;

4

   c. Since at least November of 2014, Craig has routinely made sexual comments to Werthen. Such comments from Craig include but are not limited to telling Werthen that he thought about having sex with her "while jacking off a million times," telling her that he thought about her in the shower, telling her that she "looked like a professional woman," referring to her as "baby," telling her, "I love your mouth" while openly and blatantly staring at her, telling her, "I'd like to lick your butt," and asking her if she wanted him to "suck on your bottom lip." Craig also told Werthen (who is above average in height) that she was his "only chance to have tall children."

   d. While working in the kitchen with Werthen, Craig would loudly and with coarse language identify female guests he would like to have sex with.

   e. Werthen made clear to Craig that these comments were unwelcome, but he persisted.

   f. Craig routinely made inappropriate sexual comments to other female employees. These include, but are not limited to telling them repeatedly that he wanted to have sex with them, talking about their physical features and which ones he found desirable, and ordering them to approach restaurant guests he found sexually desirable and obtain their phone numbers for him.

   g. Craig had inappropriate physical contact with female employees.

This includes touching them on the buttocks, legs, hips, chest, and/or crotch areas, forcing them to sit on his lap, and kissing and/or hugging them without consent.

13.    When Werthen complained about Craig's conduct either to Craig, other managers, or other employees, Defendant unlawfully retaliated against her by subjecting her to different conditions of employment and subsequently terminating her employment. This unlawful retaliation included, but was not limited to, the following:

a.    Werthen verbally complained about Craig's sexual commentary to Craig and another manager in early January 2016. Immediately following this verbal complaint, Craig began treating Werthen differently and less favorably. Specifically, he stripped her of authority in the kitchen, gave her less favorable shifts, cut her hours, and was openly hostile and verbally abusive towards her;

b.    On February 7, 2016, Werthen submitted a written complaint of sexual harassment by Craig to another member of management. Within ten minutes of Werthen submitting the complaint, Craig received it and immediately terminated Werthen.

14.    The effect of the practices complained of above has been to deprive Werthen and other female employees of equal employment opportunities and otherwise adversely effects their status as employees because of their sex.

6

15.     The unlawful employment practices complained of above were and are intentional.

16.     The unlawful employment practices complained of above were and are done with reckless indifference to the federally protected rights of Werthen and other female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from maintaining a sexually hostile work environment and/or retaliating against employees based on their opposition to any employment practice made unlawful under Title VII;

B.     ORDER Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices;

C.     ORDER Defendant Employer to make whole Werthen and other similarly situated women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary

7

to eradicate the effects of its unlawful employment practices;

      D.     ORDER Defendant Employer to make whole Werthen and other similarly situated women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 13, above, in amounts to be determined at trial;

      E.     ORDER Defendant Employer to make whole Werthen and other similarly situated women by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 13, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

      F.     ORDER Defendant Employer to pay Werthen and other similarly situated women punitive damages for its malicious and reckless conduct described in paragraphs 12 and 13 above, in amounts to be proven at trial;

      G.     GRANT the Commission any and all appropriate relief under the Fair Debt Collection Procedures Act, including but not limited to appropriate prejudgment relief such as attachment, receivership, garnishment, sequestration or voidance of fraudulent transfers.

      G.     GRANT such further relief as the Court deems necessary and proper in the public interest.

H.     AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its

Complaint.

Respectfully submitted,

_____/s/  Kenneth  Bird_____   ____
KENNETH BIRD
Regional Attorney

_____/s/  Omar Weaver_____
OMAR WEAVER (P58861)
Supervising Trial Attorney

_____/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

June 14, 2018