# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

             Plaintiff,

   v.

GEORGINA'S, LLC.

             Defendant.

CASE NO. 1:18-cv-00668-JTN-ESC

Honorable Janet T. Neff

_____/

## PLAINTIFF'S MOTION TO EXTEND DISCOVERY

Pursuant to Rule 16 (b)4) of the Federal Rules of Civil Procedure, W. D. Mich.L.Civ.R. 7.3 and after seeking concurrence in accordance with W. D. Mich.L.Civ.R. 7.1(d), and in accordance with paragraph 4 of the Case Management Order (ECF No. 15) and the Court's January 10, 2019 Order (ECF No. 20), Plaintiff Equal Employment Opportunity Commission (EEOC) requests an order Extending the Discovery Completion Date sixty (60) days for Plaintiff only.

    1.    Plaintiff alleges claims of sexual harassment and retaliation against Defendant regarding a former employee and other similarly

1

situated female employees. This Court issued a Case Management Order on September 6, 2018 (ECF No. 15).

2. The Case Management Order provided that voluntary document exchange was to occur by September 20, 2018 and Completion of Discovery was to occur by May 6, 2019.

3. Plaintiff was "shutdown" due to a lapse in appropriations funding from December 21, 2018 through January 28, 2019, a period of thirty-five (35) days.

4. Plaintiff filed a Motion for Stay and Extensions on December 26, 2018 (ECF No. 18).

5. The Case was Stayed on January 10, 2019. The Court's Order on that date provided that, "once the stay is lifted, either party or both may move to extend any deadlines impacted by this stay." (ECF No. 20).

6. The stay was lifted via the Court's Order dated February 20, 2019 (ECF No. 22).

7. Plaintiff served first interrogatories and requests to produce on Defendant on August 28, 2018. Among other things, the requests included a request for a list of all Defendant employees with last known

contact information. This was necessary to locate witnesses and/or additional similarly situated women.

8. Defendant failed to produce the list of employees in a timely fashion. A Motion to Compel was filed on March 13, 2019 (ECF No. 23). An Order to Compel was entered on April 10, 2019 (ECF No. 31).

9. Defendant did not produce a complete list of employees until April 19, 2019.

10. Plaintiff served 2nd Interrogatories and Requests to Produce on Defendant on March 7, 2019.

11. To date, Defendant has failed to answer those discovery requests.

12. An order compelling Defendant to provide complete responses by May 13, 2019 was entered on May 2, 2019 (ECF No. 35).

13. The deposition of Defendant employee Jessica Schaub was properly noticed for April 12, 2019. Defendant failed to produce Ms. Schaub. No explanation for the same has been provided.

14. Plaintiff has diligently been pursuing discovery. In addition to the written discovery requests referenced above, Plaintiff has taken four depositions.

15. Because of the lapse in funding and Defendant's discovery shortcomings as noticed above, additional time is needed for discovery.

16. Defendant has to date failed to concur in the requested relief.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order allowing Plaintiff only to conduct discovery through July 5, 2019.

Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

KENNETH BIRD
OMAR WEAVER (P58861)

/s/ Miles Uhlar
MILES UHLAR (P65008)
Attorney for Plaintiff
Detroit Field Office
Patrick v. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-4620
miles.uhlar@eeoc.gov

Dated: May 3, 2019

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

           Plaintiff,

v.

GEORGINA'S, LLC.

           Defendant.

CASE NO. 1:18-cv-00668-JTN-ESC

Honorable Janet T. Neff

_____/

## BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO EXTEND DISCOVERY

### QUESTION PRESENTED

Should the Court allow Plaintiff to conduct discovery through July 6, 2019?

The Plaintiff EEOC Answers: "Yes."

### CONTROLLING LEGAL AUTHORITY

The Plaintiff relies on the Court's inherent power to manage its' own docket and Rule 16(b)(4) of the Federal Rules of Civil Procedure.

1

## ARGUMENT

Plaintiff brings this motion pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure, which permits modification of a scheduling order for good cause with the judge's consent.  Plaintiff also bases the motion on the Court's January 10, 2019 Order which stayed the case during the recent government shutdown (ECF No. 20).  This order indicated the parties could move for extensions if needed after the stay was lifted.

Plaintiff requires additional time to conduct discovery not only because of the thirty-five (35) days lost to the government shutdown, but also because of Defendant's discovery shortcomings.  Plaintiff has been asking for a complete list of Defendant employees since this case was filed.  Such a list should have been provided within 30 days of it being formally requested in Plaintiff's First Requests for the Production of Documents dated August 28, 2018.   Even if it had not been requested, it should have been produced on September 28, 2018 pursuant to the Court's ordered voluntary exchange of documents.  Instead, it was not produced until April 19, 2019 – after the filing of a motion to compel and the entry of an order to compel.  This employee

list was necessary both to locate and contact potential witnesses and/or additional similarly situated female employees.

Defendant is also approximately one month late with its responses to Plaintiff's 2nd Interrogatories and Requests to Produce. Among the outstanding requested documents are supposed exculpatory e-mails and text messages that "prove I'm innocent," as described by Anthony Craig (Defendant's owner and the accused sexual harasser) during his deposition. Once received, additional discovery may be necessary based on the same.

Additionally, Defendant failed to produce current employee Jessica Schaub for her properly noticed deposition on April 12, 2019. No reason for this failure has been provided. Defendant is now apparently asserting a subpoena will be necessary for her deposition.

Plaintiff submits that the shutdown and Defendant's discovery shortcomings as described above constitute good cause for a sixty (60) day discovery extension.

WHEREFORE, Plaintiff requests that this Honorable Court enter an Order allowing Plaintiff only to conduct discovery through July 5, 2019.

> Respectfully submitted,
>
> EQUAL EMPLOYMENT
> OPPORTUNITY COMMISSION
>
> KENNETH BIRD
> OMAR WEAVER (P58861)
>
> /s/ Miles Uhlar
> MILES UHLAR (P65008)
> Attorney for Plaintiff
> Detroit Field Office
> Patrick v. McNamara
> 477 Michigan Avenue, Room 865
> Detroit, Michigan 48226
> (313) 226-4620
> miles.uhlar@eeoc.gov

Dated: May 3, 2019

## CERTIFICATE OF SERVICE

I hereby certify that on May 3, 2019, I electronically filed the foregoing *Plaintiff's Motion to Extend Discovery* with the Clerk of the Court using the ECF system, which will send notification of such filing to all counsel of record *via* the Court's e-filing system.

/s/ Miles Uhlar
MILES UHLAR (P65008)
Attorney for Plaintiff
Detroit Field Office
Patrick v. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
(313) 226-4620
miles.uhlar@eeoc.gov