## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

               Plaintiff,

v.

GEORGINA'S, L.L.C., d/b/a
GEORGINA'S TAQUERIA,
and ANTHONY'S LITTLE
G'S, L.L.C., d/b/a LITTLE G'S
FUSION CUISINE,

               Defendants.

_____/

Civil Action No.: 1:18-cv-00668
Honorable: Janet T. Neff

AMENDED COMPLAINT AND
JURY TRIAL DEMAND
**(PROPOSED)**

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, and Title I of

the Civil Rights Act of 1991, to correct unlawful employment practices on the basis

of sex (female) and retaliation, and to provide appropriate relief to Jessica Werthen

1

("Werthen") and other similarly aggrieved female employees who were affected by such unlawful practices. As alleged with greater particularity in paragraph 12 below, the EEOC alleges that Defendant, Georgina's Taqueria ("Georgina's"), has engaged in sex discrimination against female employees by subjecting them to severe or pervasive sexual harassment and by creating and maintaining a hostile work environment because of their sex in violation of Title VII. As alleged with greater particularity in paragraph 13 below, the EEOC further alleges that Defendant violated Title VII by taking adverse action against Werthen and subsequently terminating her employment in retaliation for complaining about harassment and the hostile environment. Defendant Anthony's Little G's LLC ("Little G's") is Georgina's successor and therefore subject to liability for the violations of Title VII alleged herein.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Sections 706(f)(1) of Title VII of the Civil Rights Act of 1964 as amended ("Title VII"), 42 U.S.C. § 2000e-5(f)(1) and (3), and 2000e-6, and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.      The alleged unlawful employment practices were committed within the

2

jurisdiction of the United States District Court for the Western District of Michigan.

## PARTIES

3.      Plaintiff Equal Employment Opportunity Commission ("the Commission") is an agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §§2000e-5(f)(1) and (3).

4.      At all relevant times, Defendants Georgina's LLC ("Georgina's") and Anthony's Little G's LLC ("Little G's") have continuously been companies under the laws of the State of Michigan, doing business in the city of Traverse City, Michigan, and have continuously had at least 15 employees.

5.      At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

## ADMINISTRATIVE PROCEDURES

6.      More than 30 days prior to the institution of this lawsuit Werthen filed a charge of discrimination with the Commission alleging violations of Title VII by Georgina's.

7.      On April 11, 2018, the Commission issued to Defendant a Letter of

Determination regarding Werthen's charge, found reasonable cause that Title VII was violated, and invited Georgina's to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8.     The Commission engaged in communications with Georgina's to provide Georgina's with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.     The Commission was unable to secure from Georgina's a conciliation agreement acceptable to the Commission with respect to Werthen's charge of discrimination.

10.     On June 1, 2018, the Commission issued a Notice of Failure of Conciliation to Georgina's.

11.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

## COUNT I – TITLE VII

12.     Since at least November 2014, Georgina's has engaged in unlawful employment practices, in violation of Section 703(a)(1) and Section 704 of Title VII, 42 U.S.C. §§2000e-2; 2000e-3(a). These unlawful employment practices include,

but are not limited to the following:

a.     Georgina's has engaged in sex discrimination against Werthen and other female employees at its Traverse City, Michigan, restaurant by subjecting them to severe or pervasive sexual harassment and by creating or maintaining a hostile work environment because of their sex;

b.     At all relevant times, Gregory Anthony Craig ("Craig") has been Georgina's sole owner and head chef;

c.     Since at least November of 2014, Craig has routinely made sexual comments to Werthen. Such comments from Craig include but are not limited to telling Werthen that he thought about having sex with her "while jacking off a million times," telling her that he thought about her in the shower, telling her that she "looked like a professional woman," referring to her as "baby," telling her, "I love your mouth" while openly and blatantly staring at her, telling her, "I'd like to lick your butt," and asking her if she wanted him to "suck on your bottom lip." Craig also told Werthen (who is above average in height) that she was his "only chance to have tall children."

d.     While working in the kitchen with Werthen, Craig would loudly and with coarse language identify female guests he would like to have sex with.

e.     Werthen made clear to Craig that these comments were

5

unwelcome, but he persisted.

      f.    Craig routinely made inappropriate sexual comments to other female employees. These include, but are not limited to telling them repeatedly that he wanted to have sex with them, talking about their physical features and which ones he found desirable, and ordering them to approach restaurant guests he found sexually desirable and obtain their phone numbers for him.

      g.    Craig had inappropriate physical contact with female employees. This includes touching them on the buttocks, legs, hips, chest, and/or crotch areas, forcing them to sit on his lap, and kissing and/or hugging them without consent.

13.    When Werthen complained about Craig's conduct either to Craig, other managers, or other employees, Georgina's unlawfully retaliated against her by subjecting her to different conditions of employment and subsequently terminating her employment. This unlawful retaliation included, but was not limited to, the following:

      a.    Werthen verbally complained about Craig's sexual commentary to Craig and another manager in early January 2016. Immediately following this verbal complaint, Craig began treating Werthen differently and less favorably. Specifically, he stripped her of authority in the kitchen, gave her less favorable shifts, cut her hours, and was openly hostile and verbally abusive towards her;

b.      On February 7, 2016, Werthen submitted a written complaint of sexual harassment by Craig to another member of management. Within ten minutes of Werthen submitting the complaint, Craig received it and immediately terminated Werthen.

14.    The effect of the practices complained of above has been to deprive Werthen and other female employees of equal employment opportunities and otherwise adversely effects their status as employees because of their sex.

15.    The unlawful employment practices complained of above were and are intentional.

16.    The unlawful employment practices complained of above were and are done with reckless indifference to the federally protected rights of Werthen and other female employees.

## <u>SUCCESSOR LIABILITY – ANTHONY'S LITTLE G'S, LLC</u>

17.    Paragraphs 1 – 16 are hereby incorporated by reference in their entirety.

18.    On May 13, 2020, Georgina's posted on its Facebook page that it would be moving from 236 East Front Street, Traverse City, Michigan, to a new location at 531 West Front Street, Traverse City, Michigan.

19.    On May 24, 2020, Georgina's closed the restaurant located at 236 East Front Street.

7

20.     Between May 24, 2020 and June 29, 2020, Georgina's advised customers that the new location at 531 West Front Street would serve the same menu items, be staffed by the same employees, and accept Georgina's gift cards.

21.     On or about June 29, 2020, Georgina's changed the name on its Facebook page from Georgina's to Anthony's Little G's.

22.     Little G's continues to use the same Facebook page as Georgina's containing all Georgina's posts and customer restaurant reviews dating back to 2014.

23.     Little G's posted on June 30, 2020 that it would accept Georgina's gift cards.

24.     Little G's opened for business at 531 West Front Street, Traverse City, Michigan on or about July 1, 2020.

25.     Anthony Craig is the sole owner of Little G's.

26.     Each of the 32 appetizers and entrées on the Little G's menu is taken directly from the Georgina's menu.

27.     Little G's had notice of Plaintiff's claims against Georgina's prior to opening the restaurant at 531 West Front Street on July 1, 2020.

28.     Little G's is a successor of Georgina's and liable for the Title VII violations identified in paragraphs 1-16 above.

## **PRAYER FOR RELIEF**

8

Wherefore, the Commission respectfully requests that this Court:

A.      GRANT a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from maintaining a sexually hostile work environment and/or retaliating against employees based on their opposition to any employment practice made unlawful under Title VII;

B.      ORDER Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for female employees and which eradicate the effects of their past and present unlawful employment practices;

C.      ORDER Defendants to make whole Werthen and other similarly situated women by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful employment practices;

D.      ORDER Defendants to make whole Werthen and other similarly situated women by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 12 and 13, above, in amounts to be determined at trial;

E.      ORDER Defendants to make whole Werthen and other similarly situated women by providing compensation for past and future non-pecuniary losses

resulting from the unlawful practices described in paragraphs 12 and 13, above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial;

F.    ORDER Defendants to pay Werthen and other similarly situated women punitive damages for their malicious and reckless conduct described in paragraphs 12 and 13 above, in amounts to be proven at trial;

G.    GRANT the Commission any and all appropriate relief under the Fair Debt Collection Procedures Act, including but not limited to appropriate prejudgment relief such as attachment, receivership, garnishment, sequestration or voidance of fraudulent transfers.

G.    GRANT such further relief as the Court deems necessary and proper in the public interest.

H.    AWARD the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,


_____/s/  Kenneth  Bird_____ ____
KENNETH BIRD
Regional Attorney


_____/s/  Omar Weaver_____
OMAR WEAVER (P58861)
Supervising Trial Attorney


_____/s/ Miles L. Uhlar_____
MILES L. UHLAR (P65008)
Trial Attorney


EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

DETROIT FIELD OFFICE
Patrick V. McNamara
477 Michigan Avenue, Room 865
Detroit, Michigan 48226
Tel. No. (313) 226-3410

July __, 2020

11