UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

        v.

GEORGINA'S, LLC, dba GEORGINA'S
TACQUERIA, and

ANTHONY'S LITTLE G'S, LLC,

    Defendants.

Case No.: 1:18-cv-00668
Hon. Hala Y. Jarbou

## **DEFENDANT ANTHONY'S LITTLE G'S, LLC'S MOTION FOR JUDGMENT ON THE PLEADINGS**

For its Motion for Judgment on the Pleadings in this matter, Defendant, Anthony's Little G's, LLC, by and through its attorneys Revision Legal, PLLC, states as follows:

1. In considering a motion for judgment on the pleadings, a court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer).

2. While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public records, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (*quoting Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

3. To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007).

4. "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 869 (2009)).

5. A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

6. Plaintiff has failed to allege, and cannot allege, that Defendant Anthony Little G's, LLC is an "employer" for the purposes of liability under Title VII.

7. Even assuming, arguendo, Plaintiff had properly alleged that Defendant Anthony Little G's, LLC is an "employer," Plaintiff has failed to state a claim upon which relief can be granted and judgment on the pleadings is proper as a matter of law.

8. Consequently, Plaintiff moves for judgment on the pleadings and relies on the attached Brief in Support of its Motion as if fully restated herein.

Date: October 16, 2020          Anthony's Little G's, LLC

                                /s/ John Di Giacomo
                                John Di Giacomo
                                Eric Misterovich

                Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com