UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

        v.

GEORGINA'S, LLC, dba GEORGINA'S
TACQUERIA, and

ANTHONY'S LITTLE G'S, LLC,

    Defendants.

Case No.: 1:18-cv-00668
Hon. Hala Y. Jarbou

_____

**DEFENDANT ANTHONY'S LITTLE G'S, LLC'S BRIEF IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS**

For its Brief in Support of Motion to Dismiss Plaintiff's Amended Complaint in this matter, Defendant, Anthony's Little G's, LLC, by and through its attorneys Revision Legal, PLLC, states as follows:

**INTRODUCTION**

This case, which was filed on June 14, 2018, concerns a claim of sex discrimination under Title VII of the Civil Rights Act of 1964 against Defendant Georgina's, LLC. Prior to the issuance of a stay at home order in the State of Michigan and the COVID-19 pandemic, this case was set for trial on June 1, 2020. On June 11, 2020, however, the Court reopened discovery for a period of 45 days on Defendant Georgina's, LLC's status as a business entity and economic condition. PageID.185. Specifically, due to the COVID-19 pandemic and stay at home order, which shuttered all restaurants in the State of Michigan for a period of time, Georgina's, LLC began to experience

economic distress due to high rent at its location at 236 Front Street in Traverse City, Michigan and a lack of sales.

On July 17, 2020, Plaintiff filed a motion for leave to amend its Complaint to assert a claim of successor liability against Anthony's Little G's, LLC. PageID.187-199. Though Plaintiff had been aware of Mr. Craig's Bushi restaurant at 531 West Front Street, Traverse City, Michigan *since prior to the filing of this lawsuit*, which is the same business entity as the named Defendant Anthony's Little G's, LLC, Plaintiff did not seek to add this restaurant to this case. However, after the COVID-19 pandemic shuttered Georgina's 236 Front Street location and Mr. Craig changed the name and concept of his existing Bushi restaurant to serve Latin and Chinese fare in an attempt to remain in business, Plaintiff, for the first time, and *two years after the filing of the Complaint in this matter*, sought to add Defendant Anthony's Little G's, LLC to this case under a theory of successor liability. The Court granted Plaintiff's request for amendment on August 3, 2020. PageID.343-344.

Defendant Anthony's Little G's LLC now moves for judgment on the pleadings and asserts that Plaintiff has failed to state a claim upon which relief can be granted.

## LEGAL STANDARD

In considering a motion for judgment on the pleadings, a court considers the pleadings, which consist of the complaint, the answer, and any written instruments attached as exhibits. Fed. R. Civ. P. 12(c); Fed. R. Civ. P. 7(a) (defining "pleadings" to include both the complaint and the answer). While the allegations in the complaint are the primary focus in assessing a Rule 12(c) motion, "matters of public records, orders, items appearing in the record of the case, and exhibits attached to the complaint[] also may be taken into account." *Barany-Snyder v. Weiner*, 539 F.3d 327, 332 (6th Cir. 2008) (*quoting Amini v. Oberlin Coll.*, 259 F.3d 493, 502 (6th Cir. 2001)).

To withstand a Rule 12(c) motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949-50, 173 L. Ed. 2d 869 (2009)). A "legal conclusion couched as a factual allegation" need not be accepted as true, nor are recitations of the elements of a cause of action sufficient. *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

## ARGUMENT

Plaintiff's Amended Complaint is a thinly veiled attempt to hold Anthony Craig, the owner of multiple businesses, personally liable for the actions of Georgina's, LLC. Despite having known about Mr. Craig's operation of a business at 531 W. Front Street, Traverse City, Michigan for the last two years, Plaintiff, on the eve of trial, now wants to hold that business liable for the purported actions of Georgina's, LLC because Mr. Craig decided to change the menu at that location from sushi and hamburgers to Asian and Latin fusion. Said another way, because the global pandemic destroyed and shuttered Mr. Craig's widely loved Georgina's restaurant, the EEOC now wants to attack his other businesses because they fall within the same general category of Latin and Asian food.

Plaintiff's Amended Complaint, however, is wholly deficient. Plaintiff has failed to allege, and cannot allege, that Anthony's Little G's, LLC is an "employer" for the purposes of Title VII.

Even Plaintiff could not support such an allegation, Plaintiff's Complaint asserts that Anthony's Little G's, LLC, a business that was in existence prior to this litigation, can be held liable under Title VII under a theory of successor liability. In support of its claim, Plaintiff's Complaint contains threadbare allegations that imply that Anthony's Little G's took an assignment of a Facebook page and appetizers and entrees and concludes, based on the transfer of these asserted assets, that Anthony's Little G's, LLC is a successor in interest to Georgina's, LLC. Accepting Plaintiff's allegations in the light most favorable to Plaintiff, Plaintiff has failed to state a claim upon relief can be granted and judgment on the pleadings is proper as a matter of law.

**1. Anthony's Little G's, LLC is not an "employer" under Title VII.**

Plaintiff's Amended Complaint must be dismissed because Anthony's Little G's, LLC is not an "employer" under Title VII because it does not employ the requisite number of employees. Title VII provides that "it shall be an unlawful employment practice for an employer" to discriminate on the basis of race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a). Title VII defines "employer" as "a person engaged in an industry affecting commerce who has fifteen or more employees…." 42 U.S.C. § 2000e(b). Individuals cannot be held personally liable under Title VII. *Wathen v. GE*, 115 F.3d 400, 404 (6th Cir. 1997) ("Similarly, the majority of the district courts within the Sixth Circuit have addressed the issue have also rejected the concept of individual liability under Title VII."); *see also Busby v. City of Orlando*, 931 F.2d 764, 772 (11th Cir. 1991) ("Individual capacity suits under Title VII are… inappropriate."); *Williams v. Banning*, 72 F.3d 552, 555 (7th Cir. 1995) ("Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [Appellant] can state no set of facts which would enable her to recover under the statute.").

Though, historically, a failure to meet the definition of employer under Title VII has been jurisdictional in nature, thus depriving a plaintiff of federal jurisdiction where that requirement has not been met, the Supreme Court has more recently held that a plaintiff's failure to plead or prove that a defendant has the requisite number of employees to be considered an "employer" under Title VII is properly analyzed under a motion to dismiss for failure to state a claim. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516, 126 S. Ct. 1235, 1245 (2006) (finding that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."); *see also Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 549 (6th Cir. 2006) (stating that the definition of "employee" under Title VII is not jurisdictional and, instead, is properly analyzed under failure to state a claim). Therefore, where a plaintiff has failed to plead or prove that the defendant has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, the plaintiff has failed to state a claim upon which relief can be granted. See 42 U.S.C. § 2000e(b).

Here, Plaintiff has failed to plead, and cannot prove, that Anthony's Little G's has employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year. The only allegation regarding Anthony's Little G's status as an employer is in Paragraph 5 of Plaintiff's Amended Complaint, which contains the following threadbare allegation:

> 5. At all relevant times, Defendants have continuously been employers engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§2000e-(b), (g), and (h).

PageID.373. However, for its claim to survive, Plaintiff must do more than make "threadbare recitals of a cause of actions elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009). Instead, Plaintiff must plead "factual

content [that] allows the court to draw the reasonable inference…" that Anthony's Little G's is an "employer" under Title VII. *Id*. at 1940.

Plaintiff's Amended Complaint has failed do this, and, more importantly, Anthony's Little G's Verified Answer denies Plaintiff's threadbare allegation that it is an "employer" under Title VII. PageIDs.374-375. Answering further, at the time of the filing of its Verified Answer, Anthony's Little G's had only three employees: Jessica Schwab, Jason Broderick, and Rachel Richie. PageIDs.373, 382; PageID.388. This evidence is properly within the record on a motion for judgment on the pleadings because it is contained within a Verified Answer. *Barany-Snyder*, 539 F.3d at 332.

Plaintiff will argue that it need not plead or prove that Anthony's Little G's is an "employer" for the purposes of Title VII because that standard only applies to the primary defendant in a Title VII case and not to successors in interest under a theory of successor liability. In fact, there appears to be only one unpublished case in the Middle District of Florida that supports Plaintiff's position. *See Wallace v. DM Customs Inc.*, No. 8:05-cv-115-T-23TBM, 2006 U.S. Dist. LEXIS 107671, at *9 (M.D. Fla. May 12, 2006). No other Court has ever cited this opinion, and with good reason—its reasoning defies Congress's intent in creating a fifteen-employee threshold for an "employer" under Title VII.

The First Circuit analyzed the congressional intent as to whether individuals could be held liable under Title VII. Citing the Seventh Circuit, the First Circuit clearly concluded the answer was "no":

> [t]he 1991 amendments to Title VII further bolster our conclusions that individuals are not liable under that Act. Prior to 1991, remedies under Title VII were ordinarily limited to back pay and equitable relief such as reinstatement that "typically are only obtainable from an employing entity, not from a mere individual. (citation omitted). In 1991, Congress added compensatory and punitive damages to the

6

> list of available remedies. (citation omitted). In the CRA's findings, Congress noted that "additional remedies under Federal law are needed to deter unlawful harassment and intentional discrimination in the workplace." Congress tied the amount of the available compensatory and punitive relief to the size of the employer….
>
> These amendments to the remedial scheme thus suggest that Congress only intended employers to be liable for Title VII violations…. Had Congress felt that individual liability was "needed to deter unlawful harassment and intentional discrimination," surely it would have included this remedy in the 1991 Amendments. (citation omitted). Instead, the linkage between the size of the employer and the amount of available relief clearly indicates a congressional intent to limit plaintiffs' remedies to suits against employers. To permit individual liability would improperly expand the remedial scheme crafted by Congress.

*Fantini v. Salem State Coll.*, 557 F.3d 22, 30-31 (1st Cir. 2009); *see also Lissau v. S. Food Serv.*, 159 F.3d 177, 180 (4th Cir. 1998) ("Like the ADEA, Title VII exempts small employers; it would be incongruous to hold that Title VII does not apply to the owner of a five-person company but applies with full force to a person who supervises an identical number of employees in a larger company."). Congress' intent is clear—had it intended to hold small employers liable under Title VII, whether directly or under a claim of successor liability, it would have done so under the plain language of the statute.

Plaintiff may also argue that it can "tack" onto Georgina's, LLC's number of employees to meet the fifteen-employee threshold. It cannot. Cases have made clear that a plaintiff cannot rely on the number of employees of a predecessor to meet the definition of "employer" under Title VII. *See Clifton v. MARS Telecom., Inc.*, Case No. 95-2364-JWL, 1996 U.S. Dist. LEXIS 4250, at *9 (D. Kan. Mar. 5, 1996) ("Therefore, AT's employees and sales representatives may not be counted for purposes of meeting SST's jurisdictional requirements under § 2000e(b).").

For these reasons, Plaintiff's Amended Complaint must be dismissed for failure to state a claim upon which relief can be granted.

### 2. Anthony's Little G's, LLC is not a successor in interest to Georgina's, LLC.

Even assuming, *arguendo*, Plaintiff had pled that Anthony's Little G's is an "employer" under Title VII, Anthony's Little G's, LLC is not a successor in interest to Georgina's, LLC. In the Title VII context, a successor company may be held liable for the unlawful employment practices of its predecessor. *See EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1089-90 (6th Cir. 1974). However, successor liability is not automatic and must be determined on a case by case basis. *Id*. at 1089. To determine if successor liability is appropriate, a court is required to balance the purposes of "Title VII with the legitimate and often conflicting interests of the employer and the discriminatee." *Id*. One of the chief goals of this analysis is to discourage evasion disguised as corporate transfers of ownership. *Id*. at 1091-92; *see also EEOC v. Stephen T. Cox, Inc.*, No. 3:99-1184, 2001 U.S. Dist. LEXIS 25674, at *15-18 (M.D. Tenn. June 28, 2001). The Sixth Circuit provides nine factors (the "MacMillan Factors") that are relevant in determining whether a defendant can be held liable as a successor in interest: (1) whether the successor company had notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product. *MacMillan* at 1094.

Under Rule 12(c), the Court applies the same standard for deciding a motion to dismiss under Rule 12(b)(6). In order to survive a motion for judgment on the pleadings, "a complaint must contain (1) 'enough facts to state a claim to relief that is plausible,' (2) more than 'formulaic

recitation of a cause of action's elements,' and (3) allegations that suggest a 'right to relief above a speculative level.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (quoting in part *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-556 (2007)). Though successorship is a fact-based inquiry, the EEOC is not absolved "from pleading facts which make its existence plausible." *EEOC v. Labor Sols. Of AL LLC*, 242 F. Supp. 3d 1267, 1281 (N.D. Ala. 2017); *see also Columbia Cas. Co. v. W. Jacksonville Care & Rehab. Ctr., LLC*, No. 3:18-cv-1384-J-39JBT, 2019 U.S. Dist. LEXIS 178348, at *9 (M.D. Fla. June 17, 2019); *Holt v. Hydraulic Hose of Hillsborough, LLC*, No. 8:18-cv-2082-T-33CPT, 2018 U.S. Dist. LEXIS 223382, at *6 (M.D. Fla. Nov. 9, 2018) ("Thus, allegations that an entity is a successor in interest must be supported by facts, not conclusory allegations.").

In examining the *MacMillan* factors, the EEOC has pled that Anthony's Little G's had notice of the charge of discrimination that is the subject matter of Plaintiff's Amended Complaint. PageID.352. And, of course, this is true. Anthony's Little G's, LLC was organized as the Underground Sushi Factory, LLC on September 8, 2017, **prior to the initiation of this lawsuit** and, since it is also owned by Anthony Craig, it was aware of this lawsuit. PageID.381. However, the EEOC has not pled that Georgina's, LLC lacks the ability to provide relief to the Plaintiff, which is the primary element in determining whether successor liability is proper. *See Washington v. Patterson-UTI Energy, Inc.*, No. 5:16-cv-130-RP, 2016 U.S. Dist. LEXIS 70475, at *20-21 (W.D. Tex. May 31, 2016 ("Nowhere in the pleadings, however, do Plaintiffs address Torqued-Up's ability to provide them relief. Without such allegations, and with no other facts in the complaint from which this Court can infer that Torqued-Up is unable to provide the Plaintiffs relief, the pleadings have failed to sufficiently allege that UPP is liable as a successor to Torqued-Up."). In fact, Georgina's, LLC retains equipment and supplies in storage sufficient to satisfy a judgment

rendered in this case. PageID.381. This failure alone should result in dismissal of Plaintiff's claim for successor liability.

The EEOC has also failed to allege that there has been a substantial continuity in business operations. In support of its claim for successor liability, the EEOC pleads that Anthony's Little G's uses the same Facebook page as Georgina's, accepts Georgina's gift cards, and that "32 appetizers and entrees and the Little G's menu is taken directly from the Georgina's menu." PageID.352. Accepting these allegations as true, these facts as pled fail to show on their face that there has been a *substantial* continuity in business operations. Serving similar menu items, accepting gift cards, and using the same Facebook page cannot reasonably be considered facts that, when taken as true, establish substantial continuity. Substantial continuity is only found where the predecessor cannot provide the plaintiff with relief and where the successor uses the same equipment, employs the same people performing the same jobs, uses the same customer list, and sells the same products. *See, for example, EEOC v. Nichols Gas & Oil, Inc.*, 688 F. Supp. 2d 193, 203 (W.D.N.Y. 2010) (finding substantial continuity where the successor used the same equipment, employed the same people performing the same jobs, used the same customer list, and sold the same products).

And these facts are not true as pled. The Anthony's Little G's Facebook page is owned and managed by Anthony Craig and his girlfriend. PageID.378; PageID.388; PageID.391-392. It has never been owned by Georgina's, LLC. PageID.388. When Georgina's was closing due to its inability to maintain its location at 236 Front Street in Traverse City, Michigan due to high rents and a downturn in sales attributable to the global COVID-19 pandemic, Anthony Craig posted on his Facebook page that he was opening a new restaurant at 531 West Front Street, Traverse City, Michigan, which formerly housed another of his restaurants, Bushi, which had been closed due to

10

a lack of sales. PageID.378, 380; PageID.388. When his existing customers expressed concerns about gift cards that they had purchased in the past, Anthony Craig said he would honor them at his new restaurant. PageID.378; PageID.380; PageID.388. These facts do not show substantial continuity—they show a restauranteur who is attempting to survive in a pandemic by keeping patrons of his various restaurants happy and informed.

Nor has the EEOC pled that Anthony's Little G's uses the same location as Georgina's. Prior to its closure, Georgina's, LLC leased space at 236 East Front Street, Traverse City, Michigan, while Anthony's Little G's, LLC has been located at at 531 West Front Street since prior to the filing of this lawsuit. PageID.381; PageID.390. Before it was renamed "Anthony's Little G's, LLC," the defendant entity was titled "Underground Sushi Factory, LLC" and operated Mr. Craig's Bushi restaurant at 531 West Front Street. PageID.390. Georgina's, LLC held a redevelopment liquor license that was specific to, and could not be transferred from, its 236 East Front Street address, while Anthony's Little G's has a Class C liquor license at its 531 West Front Street location. PageID.390; PageID.412-413; PageID.414-416.

The Anthony's Little G's work force and its employee's jobs are also different, and the EEOC has failed to plead that they are substantially the same. Georgina's employed over twenty-five employees, including various sous chefs and line cooks such as Plaintiff, while Anthony's Little G's employs three individuals; Anthony Craig, the owner, is the primary chef. PageID.373; PageID.382; PageID.388. Anthony Craig is the sole manager at Anthony's Little G's, and, with less employees, the job titles of its employees are, of course, less delineated and specific.

The EEOC also fails to plead that the methods of production and the product itself are the same. Though the EEOC alleges that the food items are the same, this is incorrect. PageID.352; PageID.389. Anthony's Little G's serves some items that were previously served at Georgina's,

11

but many items were not. Specifically, several menu items at Anthony's Little G's, such as dan dan, enchiladas, and red curry, were not previously served at Georgina's. PageID.378; PageID.389. Those items that were previously served at Georgina's have been substantially modified from the manner in which there were prepared and served there. For example, all Asian food served by Anthony's Little G's uses chicken thigh meat, whereas all Asian food served by Georgina's used white meat chicken. PageID.378; PageID.389. All Asian dishes use different soy sauces from Georgina's. PageID.378; PageID.389. For Latin food, Anthony's Little G's uses barbacoa, which is brisket cooked Mexican style, which was not previously served at Georgina's. PageID.379; PageID.389. Anthony's Little G's pork is roasted in an oven and then again on a flat top grill, whereas pork served at Georgina's was slow cooked and then reheated. PageID.379; PageID.389. Georgina's did not have a flat top grill and none of the recipes used at Georgina's used a flat top grill. PageID.379; PageID.389. At Anthony's Little G's, calamari is dredged in semolina, not flour, and served with home fried tortilla chips; at Georgina's, calamari was dredged in flour, and Georgina's never served home fried tortilla chips. PageID.379; PageID.389. At Anthony's Little G's, dumplings are cooked fresh to order from raw ingredients, while at Georgina's they were premade. PageID.379; PageID.389. All proteins at Anthony's Little G's are cooked on a flattop grill. PageID.379; PageID.389.

In failing to plead direct or inferential allegations to meet the required elements of successor liability, Plaintiff's Amended Complaint must be dismissed as a matter of law. Plaintiff's failure to plead sufficient factual matter to render its claim of successor liability plausible is fatal to its claim. And, in light of the verified facts contained with within Defendant's Verified Answer, any proposed amendment by Plaintiff would be futile. *See Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980) ("Amendment of a complaint is futile

when the proposed amendment would not permit the complaint to survive a motion to dismiss."). For these reasons, Defendant Anthony's Little G's respectfully requests that the Court dismiss Plaintiff's Amended Complaint for successor liability as a matter of law.

## CONCLUSION

For the foregoing reasons, Defendant Anthony's Little G's, LLC respectfully requests that the Court grant its Motion for Judgment on the Pleadings and dismiss Plaintiff's claim for successor liability as a matter of law.

Date: October 16, 2020    Anthony's Little G's, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

## CERTIFICATE OF SERVICE

      I hereby certify that on October 16, 2020, I electronically filed the foregoing Motion for Judgment on the Pleadings and Brief in Support with the Clerk of Court using the ECF system, which sill send notification of such filing to the following:

Miles Uhlar
Equal Employment Opportunity Commission
477 Michigan Ave, Room 865
Detroit, MI 48226
(313) 226-3410

                                        */s/ John Di Giacomo*
                                        John Di Giacomo
                                        Revision Legal, PLLC
                                        444 Cass Street, Suite D
                                        Traverse City, MI 49684
                                        Phone: (231) 714-0100
                                        john@revisionlegal.com