UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

        v.

GEORGINA'S, LLC, dba GEORGINA'S
TACQUERIA, and

ANTHONY'S LITTLE G'S, LLC,

    Defendants.

Case No.: 1:18-cv-00668
Hon. Hala Y. Jarbou

**DEFENDANT ANTHONY'S LITTLE G'S, LLC'S MOTION TO STAY DISCOVERY**

Now comes Anthony's Little G's, LLC, by and through its undersigned counsel, and hereby states the following for its Motion to Stay Discovery.

1. "A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court." *Peters v. Credit Prot. Ass'n LP*, No. 2:13-CV-767, 2014 U.S. Dist. LEXIS 165601, 2014 WL 6687146, at *3 (S.D. Ohio Nov. 26, 2014).

2. The Federal Rules of Civil Procedure "permit[] a district court to issue a protective order staying discovery during the pendency of a motion for 'good cause shown'" *Bowens v. Columbus Metro. Library Bd. of Trs.*, No. 2:10-cv-00219, 2010 U.S. Dist. LEXIS 103399, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (quoting Fed. R. Civ. P. 26(c)).

3. The Sixth Circuit has made clear that "[d]istrict courts have broad discretion and power to limit or stay discovery until preliminary questions which may dispose of the case are answered." *Bangas v. Potter*, 145 F. App'x 139, 141 (6th Cir. 2005 (citing Hahn v. Star Bank, 190 F.3d 708, 719 (6th Cir. 1999)). And "[l]imitations of pretrial discovery are appropriate where claims may be dismissed 'based on legal determinations that could not

have been altered by further discovery.'" *Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003) (quoting Muzquiz v. W.A. Foote Mem'l Hosp., Inc., 70 F.3d 422, 4430 (6th Cir. 1995)).

4. Defendant Anthony's Little G's, LLC ("Anthony's Little G's") moves and requests that the Court stay discovery until such time as the Court can hear and rule on Defendant's Motion for Judgment on the Pleadings.

5. Defendant Anthony's Little G's has raised a threshold meritorious defense that should be resolved before the doors of discovery are opened to the Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79, 129 S. Ct. 1937, 1950 (2009) (stating that Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.").

6. Consequently, Defendant Anthony's Little G's respectfully requests that the Court stay discovery until such time as it can hear and rule of Defendant's Motion for Judgment on the Pleadings.

7. Defendant relies on the attached Brief in Support of Motion to Stay Discovery as if fully restated herein.

Date: October 26, 2020

Anthony's Little G's, LLC

/s/ John Di Giacomo
John Di Giacomo
Eric Misterovich
Amanda Osorio
*Attorneys for Plaintiff*
Revision Legal, PLLC
444 Cass St., Suite D
Traverse City, MI 49684
Phone: (231) 714-0100
Fax: (231) 714-0200
john@revisionlegal.com
eric@revisionlegal.com
amanda@revisionlegal.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 26, 2020, I electronically filed the foregoing Motion to Stay Discovery and Brief in Support with the Clerk of Court using the ECF system, which sill send notification of such filing to the following:

Miles Uhlar
Equal Employment Opportunity Commission
477 Michigan Ave, Room 865
Detroit, MI 48226
(313) 226-3410

                                                  */s/ John Di Giacomo*
                                                  John Di Giacomo
                                                  Revision Legal, PLLC
                                                  444 Cass Street, Suite D
                                                  Traverse City, MI 49684
                                                  Phone: (231) 714-0100
                                                  john@revisionlegal.com