UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

        Plaintiff,

v.

GEORGINA'S, LLC, et al.,

        Defendants.
_____/

Case No. 1:18-cv-668

Honorable Hala Y. Jarbou

## OPINION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, alleging unlawful employment practices and retaliation.  The EEOC claims that Defendant Georgina's, LLC (previously doing business as Georgina's Taqueria), engaged in sex discrimination toward its female employees by subjecting them to sexual harassment and maintaining a hostile work environment.  It further claims that Anthony's Little G's, LLC (doing business as Little G's Fusion Cuisine) is liable as a successor to Georgina's.  Before the Court are two motions by Little G's, one for judgment on the pleadings (ECF No. 78) and one to stay discovery pending resolution of the motion for judgment on the pleadings (ECF No. 81).  For the reasons herein, the Court will deny both motions.

### I. Background

The EEOC brought this action in June 2018, alleging that Georgina's, a restaurant located in Traverse City, Michigan, discriminated against its female employees and subjected them to a hostile work environment.  (*See* Compl., ECF No. 1.)  Specifically, Plaintiff alleged that Georgina's sole owner and head chef, Gregory Anthony Craig, routinely made inappropriate and unwelcome sexual comments toward Georgina's female employees and touched them in improper

ways without their consent. Shortly after one of those employees complained about Craig's conduct in January and February 2016, he allegedly terminated her.

The EEOC filed an amended complaint in August 2020, making the same allegations against Georgina's. (*See* Am. Compl., ECF No. 64.) The new complaint also brought a claim against Little G's for successor liability. The amended complaint alleges that Georgina's closed its restaurant in May 2020. Before doing so, it announced on its Facebook page that it would be moving to a new location at 531 West Front Street in Traverse City. Georgina's also told its customers that it would continue to serve the same menu items, be staffed by the same employees, and continue to accept Georgina's gift cards. (*Id.* ¶ 20.) It then changed the name on its Facebook page from Georgina's to Anthony's Little G's.

Little G's allegedly opened for business on July 1, 2020, at 531 West Front Street, offering the same menu items that were on Georgina's menu. Plaintiff alleges that Craig is the sole owner of Little G's and, thus, Little G's had notice of the claims against Georgina's before opening. Plaintiff claims that Little G's is liable for Georgina's Title VII violations because Little G's is a successor to Georgina's.

Little G's contends that it cannot be liable for a Title VII violation and that Plaintiff's allegations are not sufficient to make out a claim that Little G's is liable as a successor. Little G's asks the Court to find that it is entitled to judgment on the pleadings.

## II. Standard

"For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 581 (6th Cir. 2007). A motion for judgment on the pleadings is subject to the same review standard as a motion to dismiss under Rule 12(b)(6). *HDC, LLC v.*

*City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). To survive the motion, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC*, 675 F.3d at 611. Additionally, the Court "'need not accept as true legal conclusions or unwarranted factual inferences.'" *Id.* (quoting *Kottmyer v. Maas*, 436 F.3d 684, 689 (6th Cir. 2006)).

Assessment of the complaint must ordinarily be undertaken without resort to matters outside the pleadings; otherwise, the motion must be treated as one for summary judgment under Rule 56. *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010). "However, a court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F. 3d 623, 640 (6th Cir. 2016).

### III. Discussion

Little G's raises two arguments in favor of judgment on the pleadings. First, it contends that it cannot be liable under Title VII because it is not an "employer" under that statute. Second, it contends that the amended complaint has not alleged sufficient facts to show that Little G's is a successor to Georgina's.

**A. Employer Requirement**

Title VII prohibits "employers" from discriminating based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2. An "employer" is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or

3

more calendar weeks in the current or preceding calendar year . . . ." 42 U.S.C. § 2000e(b). Little G's contends that it is not an employer because it does not have fifteen or more employees.

Defendant's argument falls short because the amended complaint alleges that both Georgina's and Little G's have had at least fifteen employees at all relevant times. (Am. Compl. ¶ 4.) For purposes of Defendant's motion, the Court must accept this allegation as true. *See Iqbal*, 556 U.S. at 678.

Moreover, even if the EEOC had failed to allege facts about the number of Little G's employees, that failure would not bar the EEOC from proceeding with its claim for successor liability against Little G's. Successor liability is a doctrine that effectuates the "broad equitable powers" that Congress gave to courts to "eradicate the present and future effects of past discrimination." *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1091 (6th Cir. 1974). As the Sixth Circuit explained:

> Failure to hold a successor employer liable for the discriminatory practices of its predecessor could emasculate the relief provisions of Title VII by leaving the discriminatee without a remedy or with an incomplete remedy. In the case where the predecessor company no longer had any assets, monetary relief would be precluded. Such a result could encourage evasion in the guise of corporate transfers of ownership. Similarly, where relief involved seniority, reinstatement or hiring, only a successor could provide it.
>
> It is to be emphasized that the equities of the matter favor successor liability because it is the successor who has benefited from the discriminatory employment practices of its predecessor.
>
> The nature and extent of liability is subject to no formula, but must be determined upon the facts and circumstances of each case. The primary concern, however, is to provide the discriminatee with full relief. . . .

*Id.* at 1091-92.

Even if Little G's is not an "employer" in the sense that it does not employ at least fifteen people, holding it liable for the discriminatory conduct of its alleged predecessor would be consistent with the goals of Title VII. If, for instance, Georgina's cannot provide a complete

remedy because it is no longer in operation or it is insolvent, holding Little G's liable for Georgina's conduct would allow those affected by the alleged discrimination to obtain more complete relief. It would also discourage evasion in the guise of transferring the offending employer's business and customers to a different entity.

Little G's insists that Congress did not intend for Title VII to apply to small businesses with fewer than fifteen employees. However, the EEOC's claim for successor liability does not charge Little G's with violating the employer restrictions in Title VII. Instead, the claim invokes the "broad equitable discretion" that Title VII gives Courts "'to fashion the most complete relief possible.'" *Franks v. Bowman Transp. Co.*, 424 U.S. 747, 763-64 (1976) (quoting 118 Cong. Rec. 7166, 7168 (1972)). In other words, successor liability is a form of relief for the alleged Title VII violations *by Georgina's*. As such, the EEOC's claim against Little G's does not necessarily require that Little G's meet the statutory definition of employer in Title VII. *See* Claiborne Barksdale, *Successor Liability Under the National Labor Relations Act and Title VII*, 54 Tex. L. Rev. 707, 731 n.118 (May 1976) ("If the predecessor but not the successor has fifteen employees, the Act will . . . cover the successor."); *accord Wallace v. DM Customs, Inc.*, No. 8:04-cv-115-T-23TBM, 2006 WL 2882715, at *13 (M.D. Fla. Oct. 6, 2006).

### B. Requirements for Successor Liability

"[T]he liability of a successor is not automatic, but must be determined on a case by case basis." *MacMillan*, 503 F.2d at 1091. "[W]hether successor liability is equitable in a particular case requires courts to balance 1) the interests of the defendant-employer, 2) the interests of the plaintiff-employee, and 3) the goals of federal policy, in light of the particular facts of a case and the particular legal obligation at issue." *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 554 (6th Cir. 2006).

The following factors are relevant when considering successor liability:

5

>(1) whether the successor company has notice of the charge; (2) the ability of the predecessor to provide relief; (3) whether the new employer uses the same plant; (4) whether there has been substantial continuity of business operations; (5) whether the new employer uses the same or substantially same workforce; (6) whether the new employer uses the same or substantially same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether [the defendant] uses the same machinery, equipment and methods of production; and (9) whether [the defendant] produces the same product.

*Id.*

Little G's contends that the EEOC has not alleged facts to support successor liability. Importantly, the nine factors in *MacMillian* "are not in themselves the test for successor liability. Instead, the nine factors are simply factors courts have considered when applying the three prong balancing approach, considering the defendant's interests, the plaintiff's interests, and federal policy." *Id.* In other words, they are not required elements of a claim. Thus, a plaintiff need not plead facts demonstrating each factor in order to state a plausible claim.

Little G's argues that the EEOC has not pleaded facts to support the most important factor, which is whether Georgina's can provide relief. However, the EEOC's complaint alleges that Georgina's closed for business and announced to its customers that it was moving to a new location. The restaurant at the new location served the same food but was operated by Little G's. In effect, Georgina's ceased operations and transferred its business to Little G's. Indeed, Defendant itself contends in its motion that the COVID pandemic "destroyed" Georgina's and that Georgina's closed because it "experienced economic distress due to high rent at its location . . . and a lack of sales." (Def.'s Br. in Supp. of Mot. for Summ. J. 2-3, ECF No. 78-1.) These facts are sufficient for the Court to make a plausible inference that Georgina's does not have the ability to provide complete relief.

Moreover, other facts alleged in the complaint support additional *MacMillan* factors indicating that Little G's is a successor to Georgina's. For instance, Little G's had notice of the

6

discrimination charge. It also continued substantially the same business of Georgina's, using the same Facebook page and providing the same menu items under the ownership/supervision of the same individual. These facts are sufficient to state a claim for successor liability.

Little G's attempts to refute some of the foregoing facts alleged by the EEOC. For instance, Little G's contends that Georgina's has retained equipment and supplies that would be sufficient to satisfy a judgment against Georgina's. In addition, Little G's contends that it employs different people than Georgina's, possesses a different liquor license, and serves different menu items. These attempts are misguided because a motion for judgment on the pleadings is not the proper method for challenging the truth of the allegations in the complaint. Such a motion requires the Court to determine whether those allegations, accepted as true, are sufficient to state a plausible claim for relief. The assertions and evidence provided by Little G's to dispute the allegations are not relevant to that determination.

### IV. Conclusion

In summary, Plaintiff's complaint states a viable claim against Little G's. Accordingly, the Court will deny Little G's motion for judgment on the pleadings. In addition, the Court will deny Little G's motion to stay discovery pending resolution of the motion for judgment on the pleadings. Because the Court will deny Little G's motion for judgment on the pleadings, the motion to stay is now moot.

An order will enter that is consistent with this Opinion.

Dated: December 4, 2020 /s/ Hala Y. Jarbou
HALA Y. JARBOU
UNITED STATES DISTRICT JUDGE